BYRNES, Judge.
On remand from the Supreme Court of Louisiana, relator’s application for writ of certiorari and prohibition is granted for consideration of the merits of the state’s claim *1135 that the trial court erred in granting the defendants’ motion to suppress evidence.
On June 15, 1993, Officer Keith Simone of the Jefferson Parish Sheriffs Office received information from a detective with the Houston Police Department Airport and Bus Station Interdiction Group concerning two men who had purchased bus tickets from Jacinto City, Texas to Cleveland, Ohio. The detective described the men and indicated that he had become suspicious of them because they had insisted that they did not want to be routed through Houston but instead wanted to be routed through New Orleans, even though such routing would take considerably longer. In addition to the carry-on bags the men had, they had also checked a suitcase, the description and tag number of which the detective gave Officer Simone. The detective told Officer Simone that this information had come from a confidential, reliable informant. Officer Simone testified that he personally knew that the Houston Police Department was very active at the Houston bus station and had made many arrests there.
I aOfficer Simone, Special Agent Mike Steadman, and Drug Enforcement Administration Special Agent Don Penney went to the New Orleans bus station. At approximately 7:15 p.m., the bus upon which the suspects had purchased tickets arrived, and as the officers watched, they saw two men get off the bus who matched the description given by the Houston detective. The defendants, Alberto Ortiz and Juan Dehoyos, were stopped by the officers as they entered the bus station and were asked to produce their bus tickets and identification. After the defendants produced these items, the officers then asked the defendants the purpose of their trip to Cleveland. Although the defendants told the officers they were going there to visit friends, they would not identify these friends. The defendants became increasingly nervous, and one of them asked the purpose of the questioning. The officers told them they were narcotics investigators and asked to search the defendants’ hand luggage. With the defendants’ consent, a search of this luggage revealed no contraband. The officers then asked the subjects if they had cheeked a suitcase on the bus. The defendants denied doing so, contending that their only luggage was their carry-on bags.
Officer Simone then retrieved the suspected suitcase, which had been taken off the bus by the bus company. He took the suitcase back into the bus station, placed it before the defendants, and asked them if it belonged to either one of them. They both denied any knowledge of the suitcase. The defendants were then informed that they were being detained, they were advised of their rights, and they were escorted to the police room of the bus station. There, they consented to a search, and they emptied their | spockets. A search of Ortiz revealed several Greyhound Bus name tags with the same name given on the suspicious suitcase which had been retrieved from the bus. However, no keys for the locked suitcase were found on either defendant. The defendants again were asked about ownership of the suitcase, and again they denied any knowledge of it. The officers opened the suitcase and found inside it four rectangular-shaped packages smeared with grease and wrapped in cellophane. Inside each package was marijuana. The defendants were then placed under arrest.
Defendants were charged with possession with intent to distribute marijuana in violation of LSA-R.S. 40:966(A)(2). After a motion hearing on September 1, 1993, in which Detective Simone testified, the trial court found probable cause but on September 28, 1993, the trial court granted defendant’s motion to suppress the evidence. After this court denied the state’s application for writs, the Louisiana Supreme Court granted the state’s application for writs on February 25, 1994 and remanded the matter to this court for briefing and argument, 632 So.2d 759.
On the motion to suppress evidence, the following issues are presented: (1) whether the officers had reasonable suspicion of criminal activity to justify an investigatory stop; (2) whether the officers had probable cause to detain the defendants and escort them to the police room at the bus station; and (3) whether the suitcase was legally searched and seized.
LSA-C.Cr.P. art. 215.1(A) provides:
A. A law enforcement officer may stop a person in a public place whom he reason *1136 ably suspects is committing, has committed, or is about to commit an 1¿offense and may demand of him his name, address, and an explanation of his actions.
In State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4th Cir.1990), this court noted:
“Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights....
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Carey, 609 So.2d 897 (La.App. 4th Cir.1992).
In State v. Moreno, 619 So.2d 62 (La.1993), although the Louisiana Supreme Court held that the police officers did not have probable cause to arrest Ms. Moreno at the airport based on her refusal to submit to a body search without a warrant, the Louisiana Supreme Court found that the officers “were justified only in using the least intrusive means reasonably available to verify or dispel the suspicion in a short period of time” [1] based on the following: Ms. Moreno possibly had used a ticket originally issued to another person; she had no luggage; and she looked over her shoulder a couple of times while the officers followed her.
In the present case the local police detectives were justified in making an investigatory stop which requires a reasonable suspicion of criminal activity based on the following facts: A reliable confidential informant, who had provided reliable information about drug cases in the past to the Texas police, gave distinct descriptions of the two Spanish males, their time oflsarrival, number of bags carried on and checked. The Texas police data supported the informant’s information in their detailed description of the defendants, including their names. Additional information included the fact that when the subjects purchased one-way cash tickets from Jacinto City, Texas to Cleveland, Ohio, the defendants insisted that they did not want to go through Houston although Jacinto City is close to the Houston area. Considering that Detective Simone indicated that he had personal knowledge that the Houston Police Department was active at the bus station and they made numerous drug arrests, Detective Simone testified that the fact that the subjects wanted to take a much longer alternate route to Cleveland aroused the suspicion of the officers when the subjects insisted that they did not want to go through Houston. Although Detective Simone did not know if the defendants planned to stay in New Orleans before going to Cleveland, Detective Simone recalled that the subjects had an hour-and-a-half layover in New Orleans before boarding another bus to proceed to Cleveland. Detective Simone also stated that the Texas Police gave “a description and tag number of the suitcase they [defendants] have checked through to Cleveland”, indicating an inference that the defendants did not have a purpose to visit New Orleans but were merely passing through on an alternate route to their destination. The fact that the subjects appeared to have no reason to take a longer route to their destination in Cleveland, along with the other information gave rise to a reasonable suspicion of criminal activity on the defendants’ part.
 Detective Simone had reasonable grounds to make the investigatory stop when he approached the subjects and identified himself as a police officer. Further, based on the following additional facts obtained from the investigatory stop, the officers had probable cause to detain the subjects: (1) the defendants stated they were going to visit friends in Cleveland but would not give their friends’ names, addresses, or other identifying information; (2) the defendants became increasingly nervous; and (3) they denied any knowledge of the brown suitcase, which contradicted the Texas police officers’ information that the subjects had cheeked a large brown bag.
Based on probable cause the detectives brought the subjects to the Amtrack Police Station at the bus terminal in New Orleans. When they were walking from the lobby of *1137 the bus station to the police room, Detective Simone initially advised the defendants of their Miranda rights, including the right to remain silent and to have an attorney present. The subjects consented to a pat-down search which resulted in the discovery of the numbered tag which matched the tag on the brown suitcase. Asked again, the defendants denied any knowledge or ownership of the brown suitcase.
If property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights. State v. Belton, 441 So.2d 1195, 1199 (La.1983), certiorari denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Smith, 573 So.2d 1233 (La.App. 4th Cir.1991), writ denied 577 So.2d 48 (1991).
^Considering that the brown suitcase had been abandoned without any prior unlawful intrusion by the officers in the present case, there was no violation of the defendants’ custodial rights, and the defendants had no expectation of privacy and no property right to protest a search of the abandoned suitcase, which contained marijuana. The search and seizure were legal as a matter of law.
Accordingly, the ruling of the trial court is reversed. Defendants’ motion to suppress is denied, and the case is remanded to the trial court.

REVERSED AND REMANDED.

PLOTKIN, J., dissents.

. Moreno, 619 So.2d at 66.